Chili for the sale of her to the latter, with the knowledge that she would be employed against the government of Spain, with which Chili was at war, yet these negotiations failed, and came to an end, from the inability of the agents to raise the amount of the purchase money demanded; and if the sale of the vessel in its then condition and equipment, to the Chilian government, would have been a violation of our neutrality laws, of which it is unnecessary to express any opinion, the termination of the negotiation put an end to this ground of complaint.

2. The furnishing of the vessel with coal and provisions for a voyage to Panama or some other port of South America, and the purpose of the owners to send her thither, in our judgment, was not in pursuance of an agreement or understanding with the agents of the Chilian government, but for the purpose and design of finding a market for her; and that the owners were free to sell her on her arrival there to the government of Chili, or of Spain, or of any other government or person with whom they might be able to negotiate a sale.

3. The witnesses chiefly relied on to implicate the owners in the negotiation with the agents of the Chilian government, with a view and intent of fitting out and equipping the vessel to be employed in the war with Spain, are persons who had volunteered to negotiate on behalf of the agents with the owners in expectation of large commissions in the event of a sale, or persons in expectation of employment in some situation in the command of the vessel, and very clearly manifest their disappointment and chagrin at the failure of the negotiations, and whose testimony is to be examined with considerable distrust and suspicion. We are not satisfied that a case is made out, upon the proofs, of a violation of the neutrality laws of the United States, and must, therefore, reverse the decree below, and enter a decree dismissing the libel.

An appeal was taken by the government from the decision of the circuit court to the supreme court of the United States, but was not prosecuted to a hearing, being dismissed by consent, November 9, 1868.
[See, also, note to Case No. 9,498.]

UNITED STATES v. The METEOR. See Case No. 15,607.

## Case No. 15,761.

### UNITED STATES v. MEYER.

Circuit Court, D. Pennsylvania.   Oct., 1799.

FEDERAL JURISDICTION—COMMON LAW OFFENCES.

[This was an indictment for libel, and is cited in Wharton's Precedents of Indictments, § 905, note, as an instance of the exercise by the federal courts of jurisdiction over offences of a purely common law origin. The case is nowere reported; opinion not now accessible.]

## Case No. 15,762.

### UNITED STATES v. MEYERS.

[See Case No. 15,847.]

## Case No. 15,763.

### UNITED STATES v. MICKLE.

[1 Cranch, C. C. 268.] 1

Circuit Court, District of Columbia.   Dec. Term, 1805.

LIQUORS—RETAILER—WHAT CONSTITUTES.

The gratuitous distribution of ardent spirits at a public gaming-table does not constitute the keeper of the table a retailer of spirituous liquors, within the meaning of the act of assembly of Maryland.

Indictment. 1st count, at common law, for a nuisance, in keeping a public gaming-house. 2d. Under the act of assembly of Maryland, for keeping a faro-table, the defendant being a retailer of spirituous liquors.

THE COURT said they had decided, in Ismenard's Case [Case No. 15,450], on the same indictment, that the distribution of spirituous liquors at the gaming-table, without receiving payment specifically therefor, was not a retailing of spirituous liquors within the meaning of the act.

Mr. Jones, for United States, gave up the 2d count.

Verdict, "Guilty on the 1st count."

## Case No. 15,764.

### UNITED STATES v. MILBURN.

[2 Cranch, C. C. 501.] 1

Circuit Court, District of Columbia.   Nov. Term, 1824.

BRIBERY—PREVIOUS DECLARATIONS.

Upon the trial of an indictment for offering a bribe to a witness, the previous declarations of the defendant of his motives for offering it, cannot be given in evidence by the defendant.

Mr. Taylor, for defendant, offered evidence that [George] Milburn, before the offer of the bribe, said he intended to offer it, to show how easily the witnesses might be bribed, so as to discredit them, not intending to pay the bribe.

But THE COURT (THRUSTON, Circuit Judge, absent) rejected the evidence.

## Case No. 15,765.

### UNITED STATES v. MILBURN.

[4 Cranch, C. C. 478.] 1

Circuit Court, District of Columbia.   Nov. Term, 1834.

BAIL—WHO MAY TAKE RECOGNIZANCE.

1. When the marshal has arrested a person charged with a misdemeanor, he may take him

---

1 [Reported by Hon. William Cranch, Chief Judge.]