## MAEDER vs. THE STATE.

It is not competent for the court, on a demurrer to a plea in abatement to an indictment, to enter judgment assessing the punishment of the defendant. A plea of not guilty must be entered in all cases in which the defendant does not confess the indictment to be true.

## APPEAL from St. Louis Criminal Court.

SHREVE, *for Appellant.*

I. The State should have filed her plea or demurrer at the term at which the plea in abatement was filed, and the plea in abatement should have been determined at the term at which it was filed. R. S., p. 811, sec. 19.

The demurrer, if filed in time, might have been continued by *consent,* but at the term the continuance was had in this cause, no demurrer was filed, nor was there any filed until after the jury were sworn to try the traverse and merits of the case.

II. The court erred in entering judgment against the defendant when he refused to plead, but should have entered a plea of "not guilty" for him, as required by statute. R. S., p. 872, sec. 5, and repeated adjudications of Supreme Court of Mo. R. S., p. 189, sec. 31.

ATTORNEY GENERAL, *for the State.*

McBRIDE, J., *delivered the opinion of the Court.*

John Maeder was indicted in the Criminal Court of St. Louis county for keeping a dram-shop without license. At the first term of the court thereafter, he appeared and filed a plea in abatement to the indictment, and the cause was continued until the next term. At the subsequent term, the circuit attorney filed a demurrer to the plea, which the court sustained, and thereupon proceeded (without the finding of a jury) to enter judgment against the defendant for $20. A motion was made in arrest, which being overruled, the defendant excepted, and has brought the cause here by appeal.

The question presented by the record in this case, is the same decided by this Court in the case of Thomas vs. the State, 6 Mo. R., 457, and Ross vs. the State, 9 Mo. R., 696. The statute regulating practice and proceedings in criminal cases has undergone no change on this subject since the revision of 1835, under which the former decision was made. By the provisions of the 5th sec., 5th art. R, C., 1845, p. 872, it is enacted, that "when any person shall be arraigned upon any indictment, it shall not be necessary to ask him how he will be tried, and if he deny the charge in any form, or require a trial, or if he refuse to plead or answer, *and in all cases when he does not confess the indictment to be true*, a plea of not guilty shall be entered, and the same proceedings shall be had, in all respects, as if he had pleaded not guilty to such indictment." The plea in abatement is not a confession of the facts alleged in the indictment; on the contrary it may be regarded as a denial of the indictment, and therefore the court should have ordered a plea of not guilty to be entered and a trial had in the usual form. Not having pursued this course, the court committed error and the judgment is reversed and the cause remanded to that court.