ROBERT HAYS vs. THE STATE OF MISSOURI.

# ROBERT HAYS *vs.* THE STATE OF MISSOURI.

1. An indictment which alleges that the defendant sold liquors "to persons to the grand jurors unknown," is supported by the testimony of a person who swears that the defendant sold liquor to him; unless it further appears from the evidence that the grand jury knew the witness to have been, in fact, the unknown person alluded to in the indictment.

2. A person indicted for selling liquor without license, cannot excuse himself upon the ground that at the time he did the act he was in the employ of another person, and sold it as the agent of that person.

APPEAL FROM THE ST. LOUIS CRIMINAL COURT.

Judge BIRCH delivered the opinion of the court.

This case presents two questions: First, is an indictment which charges that a defendant sold liquors "to persons to the grand jurors unknown," supported or answered by the testimony of a person who swears that the defendant sold liquor to him? We can see no discrepancy or impropriety in such an every day occurrence, unless it were proved, in addition, that the grand jury *knew* the witness to have been, in fact, the *unknown* person alluded to in their averment, and that is not pretended here. It often happens that a citizen may swear before the grand jury to the commission of such offences with persons unknown to him, and that after the jury have found their indictment accordingly, the witness who was before them dies, or is otherwise prevented from appearing upon the trial. In such cases, other witnesses are produced who prove the commission of the offence, but prove in addition, that *they* knew the parties in selling to whom it was committed. It is conceived that in such cases, it is neither made out that the grand jury found an improper indictment, nor does it involve any variance which would authorise the acquittal or discharge of the defendant.

There is conceived to be even less in the second point. Whoever, being of legal discretion, acts tortiously, is personally responsible to the injured party; and the fact that it was done as the agent, or by the request or command of a third person, is no excuse. In analogy to a rule so wholesome in civil cases, it is time it should be written, if it be not already, that in misdemeanors of the class we are considering, all who thus aid, assist or abet are guilty as principals. In fact, no reason is perceived for entertaining such an excuse, in a case like the present, that would not be applicable in reference to graver offences, and the courts should extend to it not the slightest countenance. It may be ad-

mitted that it would be most appropriate, in all cases, to indict the principal where he was known; but the object of the law should not be defeated by the fact that the owner of a dram shop so managed as to keep himself concealed from the inquest of the State, by interposing another person as the ostensible offender.

From the construction as thus established, no wrong can result of which any citizen can legitimately complain. Every one is presumed to know the penal laws of his State, and he has therefore but to satisfy himself, before taking employment, that his employer is able to indemnify him against the consequences of any illegal act he may commit under his direction—for, if *innocently* done, the same law which holds him responsible to the State, furnishes him an indemnity against his employer. Let the judgment be affirmed.