THE STATE, Defendant in Error, v. ANDREWS, Plaintiff in Error.

1. Each act of selling liquor without license is a distinct offence for which the party so doing may be prosecuted by a separate indictment or by different counts in the same indictment; when the defendant pleads that the offence charged against him is the same of which he had been previously convicted, the onus is on him to sustain his plea; it is not sufficient for him to show that the evidence adduced against him would have supported the first indictment because it would have been sustained by proof of any act of selling within twelve months before the finding thereof.
2. In all cases in which a person arraigned upon an indictment does not confess the indictment to be true, a plea of not guilty should be entered, and the same proceedings should be had as if he had formally pleaded not guilty to the indictment. (R. C. 1855, p. 1181, § 5.)

*Error to Chariton Circuit Court.*

This was an indictment for selling liquor without license. The defendant pleaded a former conviction for the same offence. The cause was tried by the court without a jury. The court found the defendant guilty as charged. The court refused certain declarations of law, the erroneous character of which is apparent from the opinion of the court.

*Prewitt,* for plaintiff in error, cited Greenl. Ev. § 36; State v. McGrath, 19 Mo. 678; Brown v. King, 10 Mo. 57; R. C. 1855, p. 1181; 11 Mo. 363; State v. Vaughn, 26 Mo. 29; State v. McGee, 8 Mo. 495.)

*Ewing,* (attorney general,) for the State.

I. The sales of liquor were distinct. Each sale was a distinct offence. (R. C. 1855, p. 683, 686; 11 Vermont, 91; 1 Archbold, 113–4.)

RICHARDSON, Judge, delivered the opinion of the court.

We think that the instructions asked by defendant were properly refused, because they all assume, as a matter of law, that the misdemeanor for which the defendant was on trial

was the same offence for which he had previously been indicted and convicted. Each act of selling is a distinct offence, for which the defendant may be prosecuted by a separate indictment, or by different counts in the same indictment; and when it is pleaded that the offence charged in both indictments is the same, the averment may be established by parol evidence and is to be proved by the defendant. To sustain the plea in this case, it was incumbent on the defendant not only to produce the record of the former conviction, but to show by testimony that he had been previously tried for identically the same offence as the one for which he was then prosecuted; and it was not sufficient to show that the evidence offered on the last trial would have supported the first indictment because it would have been sustained by proof of any act of selling within twelve months before the finding thereof. Whether, therefore, the offences charged in both indictments were the same, was a question of fact; and, though the court on the evidence would have been authorized to have found the issue on the plea for the defendant, the conclusion from the proof ought not to have been announced as a declaration of law.

The judgment, however, must be reversed on a point of practice. The only plea in the record is the plea of *autrefois convict*, and the finding of the court was not responsive to the issue tendered by the plea. It was the duty of the court to have had the plea of not guilty entered, for the statute provides that in all cases when the defendant does not confess the indictment to be true, a plea of not guilty shall be entered and the same proceedings shall be had in all respects as if he had formally pleaded not guilty. (R. C. 1855, p. 1181, § 5; Walder v. State, 11 Mo. 363.)

The judgment will be reversed and the cause remanded. The other judges concur.