State v. Small.

————◄•○•►————

| 31 | 197 |
| 38a | 507 |
| 31 | 197 |
| 40a | 589 |
| 31 | 197 |
| 45a | 411 |
| 31 | 197 |
| 70a | 561 |

THE STATE, Respondent, v. SMALL, Appellant.

1. Each sale of intoxicating liquor without a license constitutes a distinct and separate offence against the State; different and distinct offences may be committed by selling to the same persons at different times.
2. Time is not material in the statement of the offence; a sale on one day may be alleged and the proof may be of a sale on another.
3. To sustain a plea of former conviction, the burden of proof is devolved upon the defendant to show that the offence charged is the same of which he was formerly convicted; it would not be sufficient to show that the testimony adduced was the same as that introduced on the former trial, where such testimony showed several distinct and separate offences.

*Appeal from Scotland Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Cowgill & Bush*, for appellant.

I. The instructions given upon the part of the plaintiff were illegal, because the evidence shows that the defendant was indicted and convicted for selling upon the 4th and 7th days of October, 1858, upon the same evidence as given in this cause. The instructions asked for by the defendant and refused by the court ought to have been given, because the evidence shows that the witness had testified upon the trial of the two first indictments to various sales made on the 4th and 7th, to various persons, without naming all that purchased; and it was impossible for the jury in this case to know for which of such sales the former juries had found the defendant guilty.

SCOTT, Judge, delivered the opinion of the court.

This was an indictment for selling intoxicating liquors without license. The defendant was indicted, by the same grand jury which found the present indictment, for two similar offences in two separate indictments. In the case now before us, the offence is alleged to have been committed on the 5th of October, 1858. There are two counts in the indictment, as there were in the other indictments, in which the offences are charged to have been committed—the one on the 4th, and the other on the 7th of October, 1858. To the indictment the defendant pleaded a former conviction, and gave the judgments against him on the two former indictments in evidence in support of his plea. There was but one witness, who testified in the cause, produced by the State. He said he saw the defendant sell liquor, at the fall term of that court in 1858, in quantities less than a quart, to one R. Reed, and that he testified before the grand jury on said day, once in the forenoon and once in the afternoon on the day Reed bought the liquor. Saw some half a dozen or more

persons drink and pay, each for himself, for liquors in less quantities than a gallon, at the time Reed and witness drank; that witness had been called and 'testified in two cases between the same parties and for the same character of offence, and had testified to the same facts before the jury, who tried the other two cases, as he had testified to the present jury, and that he was the only witness against the defendant in those two cases. He did not tell the other juries of Reed's purchase on Friday ; that he never went with Reed but once to drink, and that was on Friday. On Tuesday he saw a number of persons drink at the defendant's. He testified to the other juries in relation to defendant's selling both on Tuesday and Friday. The first Tuesday of October, 1858, was the 4th day of the month, and the second Friday the 8th day, as the record states, but this is evidently a mistake.

The court instructed the jury that if the defendant, on Tuesday morning in October, 1858, and on Friday morning in October, 1858, sold to Reed intoxicating liquors in less quantities than a gallon, they will find him guilty ; that to sustain the plea of a former conviction, the defendant must show that he had been previously tried for the identical offence for which he is now on his trial. With another, the defendant asked the two following instructions, which were refused: " If the jury believe from the evidence that the defendant has been previously convicted upon the evidence of the witness McCune Henry, and if they further find that witness Henry made the same statement upon such previous trial as he has made to this jury and testified to the same and also then as now, then the defendant has been once tried for this offence, and they should find him not guilty." " If the jury believe from the evidence that the defendant has been convicted on the testimony of one McCune Henry on two former indictments at the former trials for the same character of offence charged in the present indictment, and that said Henry testified on said two former trials to the same facts that he certifies to on the present trial, they should find the defendant not guilty."

State v. Small.

The point of the instructions refused is, that the conviction of the defendant for two offences of the same kind with that for which he is now tried, by the evidence of the same witness who was examined on this trial and who testified to the same facts on the former trials that he has given in evidence in this, amounts to proof of the plea of a former conviction.

Each drink sold to the same or to different persons is a separate and distinct offence against the statute prohibiting the sale of intoxicating liquors. If the witness is to be believed, besides the sale to Reed he saw six or more persons buy and drink liquor at the defendant's house whilst he was drinking with Reed. The defendant then had offended at least seven times against the statute, and because he had been punished for two of these offences, he would go excused for the rest. The burden of proving his plea was on the defendant. He could have satisfied the jury that he had been tried for the identical offence for which he was then on his trial. His inability to do this was his own fault. It lay in his having offended so often that he could not identify and prove each offence. Time is not material in stating the offence; one may be charged with selling on the 5th day and be convicted by proving that he sold on the 8th day of the month. A dramshop-keeper may sell on the same day to the same person four drinks at intervals; and, because two of these offences are proved by one witness, can not the same witness prove the other two? and if his testimony at each trial be the same, will it follow therefore that the offences are identical? It was not for the court or jury to know that the offences for which the defendant was tried were the same for which he had been already convicted; if he would maintain his plea, he must prove that they were the same.

Judge Ewing concurring, the judgment will be affirmed.