State v. Hays et al.

38  367
38a 507

———•◆•◆•———

STATE OF MISSOURI, Appellant, v. JAMES HAYS AND D. C. GORMAN, Respondents.

*Criminal Practice—Indictment—Adulterating Liquors.*—In an indictment under the act to prevent the adulteration of spirituous liquors, (Acts 1860–1, p. 93, § 4,) it is sufficient to allege that the defendant sold spirituous liquors without taking and subscribing the oath, and giving bond, as prescribed by the statute. The act applies to all persons selling spirits, irrespective of the quantity sold—State v. Crowley, 37 Mo. 369.

*Appeal from Greene Circuit Court.*

Attorney General for appellant.

The indictment is sufficient—Sess. Acts 1860–1, p. 93, § 4. It is not necessary that the indictment should follow the language of the statute; a substantial description of the offence charged to have been committed, is all that the law requires, and that the pleader did in this instance.

Under section four, the act of selling liquors was illegal, without the defendants had filed the oath and given bond as therein required, and it is only necessary to negative the fact of having filed the oath and given bond, in general terms.

HOLMES, Judge, delivered the opinion of the court.

This was an indictment under the act to prevent the adulteration of spirituous liquors, (Laws 1860–1, p. 93, § 4,) which prohibited any and all persons, whether licensed or not, from selling spirituous or alcoholic liquors, until they shall have given a bond and taken an oath as therein required not to violate the provisions of the act. This act is not confined to dram-shop keepers, or merchants, but applies to all persons, irrespective of the quantity sold. It was enough, therefore, for the indictment to allege that the defendant " did then

and there unlawfully sell spirituous liquor, to wit, one pint of whiskey and one pint of brandy, for the sum of one dollar, to one John McIlhaney, without then and there having taken and subscribed an oath and given a bond, as required by law of all persons before selling or offering to sell such liquor." This averment contains substantially every essential requisite to constitute the offence under the act. The defendant's motion to quash the indictment was erroneously sustained. Our attention has not been called to any particular defect.

Judgment is reversed and the cause remanded. Judge Wagner concurs; Judge Lovelace absent.

