———o———

STATE OF MISSOURI, Plaintiff in Error, *vs.* HERMAN KOERNER, Defendant in Error.

1. *Practice, criminal.—Motion in arrest, etc.—No plea entered.*—Where the accused in a criminal trial puts in no plea, and the plea of not guilty is not entered in his behalf, it is error, for which motion in arrest will lie. But in granting the motion in arrest, the court has no right to enter a judgment discharging the prisoner. The proper course in the premises would be to set aside the judgment and order a new trial on the indictment.

*Error to Jefferson Circuit Court.*

*G. D. Reynolds*, for Plaintiff in Error.

*H. F. Alvers*, for Defendant in Error.

ADAMS, Judge, delivered the opinion of the Court.

This was an indictment for selling liquor as a dramshop keeper without license. The defendant was tried before a jury and a verdict of guilty found.

He put in no plea and none was entered for him.

A motion in arrest of judgment was filed and entertained and an order discharging the prisoner entered.

The motion in arrest was properly sustained. The statute requires the Court to enter a plea of not guilty when the defendant fails to do so. The trial without entering the plea, was error for which the verdict ought to have been set aside, and a new trial granted. (Maeder vs. The State, 11 Mo., 363; The State vs. Andrews, 27 Mo., 267.)

On sustaining the motion in arrest of judgment the court had no right in this sort of case to enter a judgment discharg-

ing the prisoner. When an indictment is good and a motion in arrest is sustained because the verdict is wrong, the proper judgment is to arrest the judgment on the verdict and set it aside and order another trial on the indictment.

The judgment is reversed and the case remanded to be proceeded in as herein directed. Judge Wagner concurs. Judge Bliss absent.