STATE OF MISSOURI, Respondent, *vs.* T. M. LIPSCOMB, Appellant.

1. *Practice, criminal—Evidence—Negative averments.*—Where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, it is taken as true, unless disproved by that party.

*Appeal from the Weston Court of Common Pleas.*

*Doniphan and Baldwin,* for Appellant.

I. The license being regular on its face, with the seal attached, the failure to give date of execution did not invalidate it. (State vs. Clark, 18 Mo., 432; State vs. Rogers, 37 Mo., 367; State vs. Mertens, 14 Mo., 94.)

II. The Weston Court of Common Pleas had no jurisdiction of the offense by indictment. (State vs. Dougher, 49 Mo., 409; State vs. Huffschmidt, 47 Mo., 73.) The city of Weston had exclusive jurisdiction of the offense as proven. (Sess. Act, 1851, p. 176, §§ 19, 23; Sess. Acts, 1868, p. 253; Baldwin vs. Green, 10 Mo., 410.)

*John G. Woods & S. A. Young,* for Respondent.

Section 30, p. 516, W. S., was re-enacted Feb. 21st, 1871. Therefore the doctrine of the State vs. Huffschmidt (47 Mo., 73,) does not apply to this case.

EWING, Judge, delivered the opinion of the court.

Lipscomb was indicted at the July term, 1871, of the Weston Court of Common Pleas, for selling liquor without a license.

At the trial, the State having given evidence tending to sustain the charge in the indictment, defendant offered to read in evidence a license or a paper in the usual form of a license, purporting to be under the hand and seal of the clerk of the County Court, authorizing him to keep a dram-shop at his stand in the city of Weston, which was excluded by the court.

The certificates of license are without date and there was no offer by the defendant, to show *when* they were actually issued.

A license must be shown by the party claiming its protection. When the subject matter of the negative averment lies peculiarly within the knowledge of the other party, the aver-

ment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecution for a penalty for doing an act which the statutes do not permit to be done by any persons except those who are duly licensed therefor; as for selling liquors, exercising a trade or profession and the like.

Hence the party, if licensed, can show it without the least inconvenience. (See 1 Green. Ev., § 79; 10 Mo., 591.) The indictment charges, that a sale was made in June 1871, and the evidence introduced by the State, sustains the allegation. The license offered, covered a period of, commencing March 24, 1871, and ending September 24, 1871, during which the sale is charged and proved to have taken place.

But *when* this license was issued does not appear on the face of the paper, or from the certificate of the clerk. The license could have no effect, nor afford any protection, except as to sales made after its issue. (State vs. Hughes, 24 Mo., 147, 151.) The paper offered was therefore properly excluded.

The instructions given on behalf of the State were in accordance with the foregoing views and were correct. The remaining question relates to the jurisdiction of the Court of Common Pleas in such cases.

The court was asked to instruct the jury that in order to find defendant guilty, they must believe that he sold liquor in Weston and Marshall townships, and outside of the city of Weston, &c.

An act approved March 26th, 1868, amendatory of the act to establish a Court of Common Pleas in the county of Platte, confers on that court exclusive original jurisdiction in all criminal cases and misdemeanors, by information and indictment, within the said townships of Weston and Marshall below the grade of felonies. (Sess. Acts, 1868, p. 260.) The act of March 1868, declared, that thereafter no misdemeanor under the laws of the State, the punishment whereof was by fine or imprisonment in a county jail, or both, should be indictable; but all such offenses, should be presented to the court having jurisdiction, by information. (Sess.Acts, 1868, p.81.) This act was repealed by that of February 24, 1869, but it did not have the

effect to restore the provision of the general statutes of 1865, which provided for indictment in such cases. By a subsequent act, however, February 21st, 1871, section thirty of the general statutes is re-enacted, under which the offense with which defendant stands charged is indictable. The cases of the State vs. Huffschmidt, 47 Mo., 73, and the State vs. Dougher, 49 Mo., 409, arose and were decided after the act of March 28th, 1868, was passed, and have therefore no application to the case at bar.

Judgment affirmed. The other Judges concur.