CITY OF KANSAS, *Appellant,* v. MUHLBACK.

1. **Intoxicating Liquors** : CITY ORDINANCE. Under a city ordinance subjecting persons, other than licensed dramshop keepers and druggists, to a fine for selling intoxicating liquors in quantities less than a quart, a single sale of a glass of liquor is sufficient to support a conviction.

2. **Appeal.** In such prosecutions the city has a right of appeal to the Supreme Court.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

Prosecution for a violation of an ordinance of the City of Kansas entitled " An ordinance to protect dramshop

keepers," approved July 17th, 1875, and passed under authority of the act of 1875, page 206, section 17, giving power to the city " to restrain; regulate and prohibit the selling or giving away of any intoxicating or malt liquors by any persons within the city, other than those duly licensed ; to forbid and punish, the selling or giving away of intoxicating liquors to any minor or habitual drunkard." The defendant had not obtained a shop license, nor was he a druggist.

Upon the trial it was in substance testified by one Briant, that the defendant, George Muhlback, had, or was in charge of a grocery store in said city : that the witness, Briant, and another man by the name of Levy, (who went by Briant's request,) went to the defendant's place of business on a Sunday morning, and he, Briant, got two drinks of whisky, one for himself and the other for the man Levy that he brought with him ; that he paid five cents each for the drinks, or ten cents for the two drinks so obtained. There is no evidence of any other sale by defendant but the one just mentioned on Sunday morning. On the cross-examination, he, Briant, testified that he did not know who owned the store that defendant was in ; he did not know that defendant was owner of said store, or of any store. " I found the defendant in the store—he seemed to be in charge of it; this was on Sunday morning." The judge of the criminal court, after hearing all the evidence in the case, sustained a demurrer, or gave the following instruction : " That under the law and evidence in this case the plaintiff is not entitled to recover, and the jury must find the defendant not guilty," whereupon the court discharged the defendant. The city appealed.

*Wash Adams* for appellant.

The evidence shows that defendant was not a druggist, but was a grocery store keeper, and that he sold liquor

in quantities less than one quart. That is sufficient; it is not necessary to offer evidence to show that defendant was not a licensed dramshop keeper. If he has a license he must produce it. *State v. Lipscomb*, 52 Mo. 32. One sale is sufficient. It is so held under the State law, which is broader in its terms than the ordinance. Wag. Stat., title Dram Shops; *State v. Cooper*, 16 Mo. 551. In *State v. Andrews*, 27 Mo. 267, the court said: "Each act of selling is a distinct offense." *State v. Small*, 31 Mo. 197.

*Chase & King* for respondent.

NORTON, J.—The record shows defendant was convicted before the city recorder of the plaintiff, for selling liquor without license, in violation of the ordinance of plaintiff, and that he appealed to the criminal court of Jackson county. On a trial before that court, without a jury, the court gave an instruction in the nature of a demurrer to the evidence, and discharged the defendant. The only question is, whether such a demurrer ought to have been sustained. Appellant claims that the court erred in giving the instruction. The court below held that a single act of sale under the ordinance was not sufficient, and in that the court erred.

The proceeding was commenced under an ordinance of the City of Kansas which subjected persons other than dramshop keepers duly licensed and druggists, to a fine of not less than $25 for selling intoxicating liquors in any quantity less than one quart. Section 17, acts 1875, page 206, conferred full power on the city council to pass such ordinance.

The evidence adduced on the trial tended to show that defendant had sold two drinks of intoxicating liquor at one sale in said city, and as there was no evidence showing, or tending to show, that defendant was either a druggist or licensed dramshop keeper, and authorized to make such sale, error was committed by the court in sustaining

the demurrer to the evidence and rendering judgment for defendant. *State v. Lipscomb*, 52 Mo. 32; *State v. Andrews*, 27 Mo. 267; *State v. Small*, 31 Mo. 197.

The case of the *City of Kansas v. Clark, ante*, p. 588, is decisive of the point raised as to the right of the city to appeal.

Judgment reversed and cause remanded. All concur.

REVERSED.