THE STATE v. BILLINGS, *Appellant.*

1.  **Arraignment.** This case is reversed because the record fails to show that the prisoner was arraigned.
2.  **Affray**: EVIDENCE. It is no objection to the admissibility of evidence offered in support of an indictment for an affray, that it shows that the trouble commenced in a private house, where it further shows that the combatants passed out of the house and continued the fight without cessation in a public street.

*Appeal from Bollinger Circuit Court.*—HON. JOHN B. ROBIN-
SON, Judge.

REVERSED.

*Cahoon & Whybark* for appellant.

*J. L. Smith*, Attorney-General, for the State.

NORTON, J.—This is an indictment founded on section
6, Wagner's Statutes, 491, upon which defendant was tried
and convicted in the circuit court of Bollinger county.
From this judgment of conviction he has appealed to this
court.   As the record fails to show an arraignment of the
defendant before he was put upon his trial, the judgment
must be reversed, and as the cause will be remanded for
further proceedings, we deem it proper to say that the in-
dictment charges in the language of the statute that de-
fendant and one Whitehead voluntarily and by agreement
engaged in a fight in "a certain public street and highway
in the town of Marble Hill."     *     *     The evidence
tended to show that the fight was entered into in a saloon,
on a public street in said town, the front door of which
was open, and was continued through the door and out on
the street.   On the trial defendant objected to the introduc-
tion of the evidence as to the commencement of the affray
in the saloon. ❡ The objection, we think, was properly
overruled.   The commencement of the fight in the saloon
and its continuance by the parties engaged in it after they
got out on the street, were so intimately blended as to con-
stitute but one transaction.   The mere fact of the fight
having been entered into in the saloon, will not exempt
defendant from liability if it was continued by the com-
btants after they reached the public street.   The first
instruction, if modified as above indicated, ought to be
given.   Judgment reversed and cause remanded, in which
all concur.