THE STATE OF MISSOURI, Respondent, v. JOHN C. WALLACE, Appellant.

#### April 13, 1885.

CRIMINAL LAW—ARRAIGNMENT.—If the record fails to show that defendant was arraigned, or fails to show that any plea whatever was entered to the indictment, the error is fatal to any judgment rendered on the indictment; and, even if the defendant participates in the trial and consents to the empanelling of a jury to try the case, it is no waiver. "In all cases where a trial is required, and there is no confession of the allegations of the indictment, the

court must enter a plea of not guilty." This is indispensable to make up the issue upon which the defendant is tried. *State* v. *Andrews,* 29 Mo. 267 ; *State* v. *Billings,* 72 Mo. 662. While section 1845, Revised Statutes. Mo. 1879, was designed to do away with unnecessary form, it does not do away with the issue to be raised by an arraignment.

APPEAL from Maries Circuit Court, HON. A. J. SEAY, Judge.

*Reversed and remanded.*

W. S. POPE and BENNETT &·FARRAR, for the appellant : Cited Revised Statutes,1879, sect. 1845.

B. G. BOONE, Attorney General for the respondent.

Opinion by PHILIPS, P. J.

The defendant was indicted in the Maries circuit court for obstructing a public highway. On trial before a jury he was found guilty and adjudged to pay a fine of twenty dollars. From this judgment, after ineffectual motions for new trial and in arrest of judgment, he duly prosecuted his appeal to this court. The record fails to show that the defendant was ever arraigned under the indictment, or that any plea whatever was entered thereto by him on the order of the court. On the contrary it is clear that this matter was entirely overlooked by the court, or was not deemed by it to be necessary ; for the attention of the court was directly called to this omission in the motions for a new trial and in arrest of judgment.

This error is fatal to this judgment. It is insisted by the state that inasmuch as the record shows that the defendant participated in the trial, and consented to the jury empanelled to try the case, this amounted to a waiver of the formal arraignment. It is true that mere formal arraignments are no longer required in our practice, "but in all cases where a trial is required, and there is no confession of the allegations of the indictment, the court must enter a plea of not guilty. This is indispensable to make up the issue upon which the defendant is tried."—*State* v. *Saunders,* 53 Mo. 234 ; *Meader* v. *State,* 11 Mo. 363; *State* v. *Andrews,* 27 Mo. 367 ; *State* v. *Bil-*

*lings*, 72 Mo. 662. While section 1845, Revised Statutes, was designed to do away with unnecessary form, yet it is quite manifest that so far from doing away with the issue to be raised by an arraignment, it makes it the duty of the court, where the prisoner stands mute, to protect him by entering the plea of not guilty.

The record in this case shows that none of these safeguards were recognized at the trial.

The judgment of the circuit court is, therefore, reversed and the cause remanded.    All concur.