STATE OF MISSOURI, Respondent, v. FRANK FINN *et al.*, Appellants.

Kansas City Court of Appeals, December 2, 1889.

*Rehearing denied, January 6, 1890.*

Criminal Law : SELLING INTOXICATING LIQUORS WITHOUT OATH AND BOND: EVIDENCE: VERDICT.   The rule of practice as settled by the supreme court is, that the indictment must negative the provisions and exceptions of the statute creating the offense, and the subject-matter of such negative averment is taken as true unless disproved by the defendant; and, where, on an indictment for selling

liquors without filing oath and bond required by section 1601, Revised Statutes, the evidence shows the sale, a verdict of conviction will not be set aside, in the absence of proof by defendant disproving the negative matter. (The authorities discussed in the original opinion, and in the opinion on the motion for a rehearing.)

*Appeal from the Morgan Circuit Court.*—Hon. E. L. Edwards, Judge.

Affirmed.

*Cosgrove & Johnston,* for the appellant.

(1) It devolved upon the state to prove that defendants did unlawfully sell fermented and malt liquors without having taken and subscribed an oath and given bond, as required by law of all persons before selling or offering to sell such liquors. There was no proof that defendants had failed to take the oath and give the bond required by law. (2) The indictment in this case is bad, and the circuit court should have sustained the motion in arrest of judgment. It was evidently copied from the one approved by Judges Holmes and Wagner in the case of *State v. Hayes,* 38 Mo. 367, but in that case, Judge Holmes, who wrote the opinion, seemed to have approved the indictment because his "attention had not been called to any particular defect." *State v. Hayes,* 38 Mo. 367. "It is a fundamental rule of criminal pleading, of such importance to the rights of a citizen as to have received the guarantee of constitutional protection, that no one shall be held to answer a criminal charge, unless the crime with which it is intended to charge him is set forth in the indictment with such precision and fulness as to inform him of the nature of the offense, and the cause of his accusation." *State v. Crooker,* 95 Mo. 389; *State v. Crowley,* 37 Mo. 369; *State v. Gabriel,* 88 Mo. 642. The appearance of defendants before the county clerk is one of the constituent facts and circumstances necessary to bring them perfectly within the provisions of the statute under

which the indictment in this case was attempted to be drawn. *State v. Crowley, supra.* And, as such, should have been set forth in the indictment. *State v. Gabriel, supra.* Appellant, Joseph Barth, therefore asks that the judgment of the circuit court be reversed, for the following reasons: *First.* Because there was no evidence offered by the state showing that defendant had failed to take and subscribe the oath, and give the bond, required by section 1601 of Revised Statutes of Missouri. *Second.* Because the indictment charges no offense against the defendants known to the laws of Missouri, and, *third,* because said indictment does not set forth, with such precision and fulness, the offense attempted to be charged, as to inform the defendant of the nature of the offense, and the cause of his accusation.

*L. F. Wood,* Prosecuting Attorney, for respondent.

The indictment is in the form approved by the supreme court (*State v. Hayes,* 38 Mo. 367), and has been commented upon and approved in the following cases: *State v. Melton,* 38 Mo. 368; *State v. Rogers,* 39 Mo. 431; *State v. Jacques,* 68 Mo. 261. There is no uncertainty in the indictment; there is but one oath and one bond required of all persons selling or offering to sell fermented, spirituous or malt liquors. Sections 1601 and 1605, Revised Statutes, 1879.

SMITH, P. J.—The defendant was indicted, tried and convicted of the offense of "unlawfully selling fermented and malt liquors, to-wit: One bottle of lager beer and one case of lager beer without then and there having taken and subscribed to an oath and giving the bond, as required by law of all persons before selling or offering to sell such liquors." At the trial, which was before the court, an agreed statement of the facts was read in the evidence, and which was all the evidence offered, in which it was admitted that the defendant, within one year next before the finding of the

indictment, had sold beer by the keg and by the case in the county, etc. The court found the defendant guilty, and thereupon the defendant filed motions for a new trial, and in arrest of the judgment, which being overruled he prosecutes his appeal here, basing his appeal on two distinct grounds: (1) That the finding of the court was against the evidence, and (2) that the indictment was defective in that it was indefinite and uncertain, and charged no offense known to the law.

I.   The assault upon the verdict cannot be sustained. The rule of practice, as settled by the supreme court of this state is, that the indictment must negative the provisos and exceptions of the statute creating the offense. The subject-matter of the negative averment is taken as true unless disproved by the defendant. Such is the case in civil and criminal prosecutions for a penalty for doing an act, which the statutes do not permit to be done by any person except those duly licensed or authorized. Revised Statutes, section 1601; Kelly's Crim. Law, sec. 916; *State v. Lipscomb*, 52 Mo. 32; *State v. Meek*, 70 Mo. 355; *City of Kansas v. Muhlback*, 68 Mo. 638; *State v. Small*, 31 Mo. 197; *State v. Andrews*, 27 Mo. 267; *State v. Harper*, 58 Mo. 530; *State v. Edwards*, 60 Mo. 490.

II.   The ground upon which the defendant, by his appeal, questions the sufficiency of the indictment must likewise be ruled against him.

The selling of fermented and malt liquors was an illegal act, under the provisions of said section 1601, Revised Statutes, unless the defendant had first filed the oath and given the bond therein required.

And it was only necessary for the indictment to negative the fact of having filed the oath and given the bond in general terms.

The indictment fully met the requirement of this rule of criminal pleading, and was, therefore, not subject to the objection lodged against it. *State v. Hayes*, 38 Mo. 367; *State v. Melton*, 38 Mo. 369; *State v. Rogers*, 39 Mo. 431; *State v. Jacques*, 68 Mo. 261.

With the concurrence of the other judges, the judgment of the circuit court of Morgan county is affirmed.

### ON MOTION FOR REHEARING.

The defendant renews the objection urged in his original argument and brief, that it devolved upon the state to prove that he sold fermented and malt liquors, *without* having taken and subscribed an oath required by section 1601, Revised Statutes. It is a well-settled rule of criminal pleading that an indictment must negative the provisions and exceptions of the statute creating the offense, and it is equally well settled, that the subject-matter of such negative averment is taken as true, unless disproved by the defendant.

This rule of practice in cases, where persons have been charged with selling liquor without license, has the sanction of a long line of adjudged cases in this state, beginning with *Wheat v. State*, 6 Mo. 238. But it is contended that, upon a trial on an indictment based upon section 1601, that a different rule should obtain, as to the burden of proof, than that, on indictments for selling liquor without license. It is quite difficult to perceive why this exception to, or qualification of, the rule just stated should be allowed. Section 1601, Revised Statutes, requires the liquor seller to appear before the clerk of the county court, of the county where the liquors are to be sold, and take an oath, and give a bond, that he will not mix or adulterate, etc., the liquors offered for sale by him. The statute is, that one may not sell liquor without a license. Section 1601 simply imposes a further condition upon the privilege to sell. A compliance with both conditions is imperatively exacted by the statute before he can sell. He knows whether he has yielded compliance in either case. If the burden of showing this fact is properly imposed upon him, in the one case, why not in the

other. The reason for such an imposition of the burden upon him, in the one case, exists as well in the other.

If the rule, that the subject-matter of a negative averment is to be taken as true, applies to a trial on an indictment for selling liquor without license, it is quite difficult to understand why it does not obtain in a trial on an indictment for selling liquor without taking the oath and giving the bond required by the statute referred to. If the *onus* is upon the defendant in the one case, it must be so in the other.

The case of *Cheadle v. State*, 4 Ohio St. 477, seems to have for its foundation the opinion of Mr. Chief Justice SHAW in *Commonwealth v. Thorlow*, 24 Pick. 374, where it was held that, in the prosecution in that case, which was for selling liquor without license, the government must prove the negative averment, and that the accused was not licensed. This ruling does not accord with that of our supreme court, in this regard, as is seen by the cases cited in the opinion. The case, therefore, of *Cheadle v. State, supra*, cannot be followed by us, if it asserts the rule for which defendant contends.

We can discover no reason why we should depart from the ruling already made in the case. It results that the motion is overruled.

*Rehearing denied, January 6, 1890.*