CITY OF SPRINGFIELD, Respondent, v. MICHAEL FORD Appellant.

St. Louis Court of Appeals, April 15, 1890.

1. **Pleading**: ACTION FOR RECOVERY OF FINE UNDER MUNICIPAL ORDINANCE. The sufficiency of a statement of a cause of action for the recovery of a penalty for the violation of a municipal ordinance is not tested by the rules appertaining to criminal proceedings; only that degree of certainty is requisite, which is necessary to inform the defendant of what he is called upon to answer.

2. **Practice, Appellate :** FAILURE TO SAVE EXCEPTION. Neither a ruling permitting an amendment of the pleadings, nor one on the admissibility of evidence, can be reviewed on appeal, if no exception thereto is saved.

3. **Criminal Law :** SELLING LIQUORS WITHOUT LICENSE : SUFFICIENCY OF THE EVIDENCE. In a proceeding under a statute or municipal ordinance subjecting persons to a fine for the sale of liquors without a license, a single sale is sufficient to support a conviction.

*Appeal from the Greene County Criminal Court.*—HON. M. OLIVER, Judge.

AFFIRMED.

*F. S. Heffernan*, for the appellant.

*E. A. Barbour*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action of debt for the violation of an ordinance of the city of Springfield, which subjects anyone who shall within the city sell intoxicating liquor of any kind in quantities less than five gallons, and not less than one pint, to a fine not exceeding one hundred dollars, unless he has taken out a license as a retail liquor dealer.

The defendant was sued for a violation of this ordinance, and a recovery was had against him for fifty dollars. He appeals and assigns for error that the complaint states no cause of action, that the court improperly permitted an amendment of the complaint to be made upon the trial, and admitted illegal evidence, and that there was no evidence in support of the verdict.

The complaint states, in substance, that the defendant is indebted to the plaintiff in the sum of one hundred dollars, for the violation of an ordinance ( naming it, and reciting its material points ) in this, to-wit, that, being a retail liquor dealer as defined by said ordinance, he did in December, 1888, sell one gallon of wine, the

same being an intoxicating drink, without having taken out a license therefor.

The defendant refers us to several cases, which hold that a criminal information or indictment, containing no more than this statement does, would be fatally defective. This we assume he does on the supposition that this is in the nature of a criminal proceeding by information. That, however, is a mistake. It was decided in *St. Louis v. Smith*, 10 Mo. 438, that proceedings of this character are actions of debt, and may be assimilated to civil proceedings before justices of the peace; and that degree of certainty only is required in the statement, which is sufficient to inform the defendant of what he is called upon to answer. Such has ever since been the law of this state. *St. Louis v. Knox*, 74 Mo. 79. Tested by this standard, the complaint is clearly sufficient.

We find that, although the defendant objected to the amendment of the complaint upon the trial, he saved no exceptions to the court's ruling in permitting it; hence the question of the propriety of the amendment is not before us for review, nor do we find that the defendant saved any exceptions to the admission of evidence.

The only other complaint is that the evidence fails to support the verdict. Only one sale was charged in the complaint to have been made by the defendant, and only one sale was shown by the evidence to have been made by him, namely, the sale stated in the complaint, and the defendant claims that the evidence was insufficient to constitute him a retail liquor dealer, as defined by the third section of the ordinance under which the action is brought, and which is as follows:

"Any person, etc., who shall within the city sell intoxicating liquors of any kind in quantities less than five gallons, and not less than one pint, and shall prevent the same from being drunk on the premises where sold, shall be considered a retail liquor dealer, and shall be required to take out license therefor."

The contention of the defendant on this subject is, that a simple sale does not constitute a dealer, and he cites in support *Overall v. Bezeau*, 37 Mich. 506, and *United States v. Mickle*, 1 Cranch, C. C. 268. The first of these cases decides that the sale of an entire stock of goods of a merchant does not constitute the party making it a wholesale dealer so as to avoid a note, given in payment, for illegality on the ground that the vendor has no license as a wholesale dealer; and the second decides that a gratuitous distribution of drinks at a gaming table does not constitute a party a retail dealer in liquors. Neither of these cases has any application to the case at bar. Here the evidence shows that the wine was bought of defendant in the usual course of business, and the ordinance defines who shall be considered a liquor dealer. It has been repeatedly decided that under statutes and ordinances subjecting a person to a fine for sale of liquors without license, a single sale is sufficient to support a conviction. *State v. Andrews*, 27 Mo. 267; *State v. Small*, 31 Mo. 197; *City of Kansas v. Muhlebach*, 68 Mo. 638.

This disposes of all the assignments of error, and finding that none of them is well assigned, we affirm the judgment. So ordered. All concur.