THE STATE OF MISSOURI, Respondent, v. JOHN H. KEITH, Appellant.

Kansas City Court of Appeals, November 9, 1891.

1. **Criminal Law :** NO ABETTOR IN SELLING LIQUOR. In misdemeanors of the class to which liquor-selling belongs, there are no aiders or abettors.

2. ———— : AIDERS AND ABETTORS : STATUTE : CONSTRUCTION. If the statute limit the penalty to those who participate, or its terms are general. or the offense of minor turpitude, its operation. will be limited to those who are more particularly within the reason of the express words of the enactment.

3. ———— : SELLING LIQUOR : ABETTOR. Though an agent or servant of the owner becomes liable by selling liquor, yet if defendant was not the owner, agent or servant of the owner, but, merely at his request, set out the glass into which the liquor was poured, and from which it was drunk, he is not guilty of selling.

*Appeal from the LaFayette Criminal Court.*—HON. JOHN E. RYLAND, Judge.

REVERSED AND REMANDED.

*William Aull*, for appellant.

( 1 ) The statute does not extend the penal conse-
quences to aiders and abettors. R. S. 1889, secs.
4570, 4583, p. 1044 ; *Commonwealth v. Willard*, 22 Pick.
( Mass.) 476 ; *Frey v. Commonwealth*, 83 Ky. 190 ;
*Commonwealth v. Williams*, 4 Allen, 587 ; *Hill v.
Spear*, 50 N. H. 253 ; *Harney v. State*, 8 Lea, 113 ;
Whart. Crim. Law [ 7 Ed.] sec. 120. ( 2 ) Even if
aiders and abettors were covered by the statute to con-
stitute them aiders and abettors, the act must have been
knowingly done. *Village of St. Johnsbury v. Thomp-
son*, 9 Vt. 571 ; *Crowell v. State*, 6 S. W. Rep. (Tex.) 318 ;
*Goins v. State*, 21 N. E. Rep. ( Ohio ) 476 ; *State v. Fry*,
40 Kan. 311 ; 1 Whart. Crim. Law [ 7 Ed.] sec. 120 ; 1
Bish. Crim. Law, 658, and note ; 1 Bish. Crim. Proc.
[ 2 Ed.] 1024 ; *Green v. State*, 13 Mo. 382 ; *State v. Hol-
lenscheit*, 61 Mo. 303 ; *State v. Cox*, 65 Mo. 29 ; *Com-
monwealth v. Williams*, 4 Allen, 587. ( 3 ) The court
erred in refusing instructions asked by appellant.
Could the mere act of setting the glass on the counter
constitute a sale or a crime ?

ELLISON, J.—The defendant was indicted for sell-
ing liquor in less quantities than one gallon, without
having a dramshop keeper's license, or other legal
authority so to do. He was convicted, and he prose-
cutes this appeal. The evidence not showing in an
altogether satisfactory manner that the defendant had
made the sale, the court, at the instance of the state,
gave an instruction directing the jury to find the
defendant guilty if he "was present aiding, assisting,
abetting, countenancing or in anywise encouraging the
making of such sale." This was error. In misdemean-
ors of the class to which liquor-selling belongs, there
are no aiders or abettors. A buyer of liquor certainly

aids, countenances, assists and encourages a sale ; yet, it would hardly be pretended that he would be liable to punishment under the dramshop law.

"If the terms of a statute distinctly limit the penalty to persons who participate in the act only in a certain way, those terms furnish the rule of the court. Or, if the expression be general, but the offense is of minor turpitude, and especially if it be only *malum prohibitum*, the courts, by construction, will limit its operation to those persons who are more particularly within the reason of the express words of the enactment." 1 Bish. Crim. Law, sec. 657. Following this principle, it has been held that the purchaser is not liable to punishment, either upon the theory of being a principal or an enticer, aider or abettor. *Harvey v. State,* 7 Lea, 113 ; *Commonwealth v. Willard*, 22 Pick. 476. However, if one, himself, makes a sale, he is liable whether he be owner, agent or servant of the owner, and whether he be acting with or without compensation. But, in this case the evidence calls upon us to make this additional remark : If the defendant was not the owner, or the agent or servant of the owner but merely, at the owner's request, set out the glass into which the liquor was poured, and from which it was drunk, he is not guilty of selling.

Judgment reversed and cause remanded. All concur.

