State v. O'Connor.

STATE OF MISSOURI, Respondent, v. BERNARD O'CONNOR, Appellant.

St. Louis Court of Appeals, February 25, 1896.

2. **Criminal Law**: UNLAWFUL SALE OF SPIRITUOUS LIQUORS: LIABILITY OF AGENT. One who makes an unlawful sale of liquors (in this cause the sale was charged to have been made without any prior oath and bond as required by Revised Statutes, section 3890) is liable to the statutory penalties, whether he sells the liquor as owner or as agent or servant of the owner.

2. ———: ———: BURDEN OF PROOF. When proof of a sale of spirituous liquor has been made, the person charged with having made the sale in violation of this statute must show that the requirements of the law have been complied with. Accordingly, when he claims that he acted merely as the servant or agent of another, he must establish such compliance on the part of his principal.

3. ———: NONDIRECTION OF JURY. The nondirection of the jury in trials for misdemeanors is not ground for the reversal of a judgment against the defendant.

*Appeal from the Madison Circuit Court.*—HON. H. C. RILEY, Judge.

AFFIRMED.

*William N. Nalle* for appellant.

*Thomas Holladay*, prosecuting attorney, for respondent.

BIGGS, J.—The defendant is charged in the information with selling a keg of lager beer, without taking the oath and giving the bond required by section 3890 of the Revised Statutes of 1889. The section provides, in substance, that a person desiring to sell spirituous, fermented or malt liquors, must appear before the clerk of the county court in the county where the liquors are to be sold, and take an oath not to adulterate the liquors to be sold, and give a bond conditioned for the payment of all costs arising from prosecutions for the violations of the provisions of the statute. There was abundant evidence to show that the defendant, within the time and at the place charged, delivered beer to parties and received pay for it. He attempted to escape liability by showing that he acted as the agent or employee of the Klausmann Brewery Company, but made no attempt to prove that the brewery company had complied with the requirements of the statute. The case was submitted to the court without a jury. No instructions were asked or given. The defendant was found guilty and a fine imposed, from which he has appealed.

The *gravamen* of the offense charged is selling liquor in violation of the statute. Proof of a sale, or admission of a sale, as was the fact here, casts upon the person making it the burden of showing that the statute had been complied with. This is the rule both in civil and criminal cases, when the subject matter of the negative averment lies peculiarly within the knowledge of the other party. *State v. Lipscomb*, 52 Mo. 32; *State v. Finn*, 38 Mo. App. 504. If the person making the sale acted in the capacity of an agent or servant of another, he must show that his principal had complied

with the requirements of the law; for a person who makes an unlawful sale of intoxicating liquors is liable whether he be owner, agent or servant of the owner. *State v. Keith*, 46 Mo. App. 525; *Hays v. State*, 13 Mo. 246. As the defendant failed to show that his alleged principal had complied with the statute, he must answer individually for its infraction.

Complaint is made of the failure of the court to give instructions. We have decided in *State v. Matheis*, 49 Mo. App. 237; *State v. Baldwin*, 56 Mo. App. 423, that in trials for misdemeanors nondirection is no ground for reversal.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered.