CITY OF COLUMBIA, Respondent, v. LOUIS JOHNSON, Appellant.

Kansas City Court of Appeals, November 22, 1897.

1. **Cities of the Third Class:** POLICE COURT: COMPLAINTS: INFORMATION: CARRYING CONCEALED WEAPONS. An information for carrying concealed weapons filed by the city attorney in the police court of the city of Columbia and set out in the opinion is held sufficient to give the court jurisdiction and to notify the defendant of the nature of the charge. *Salisbury v. Patterson,* 24 Mo. App. 169, *distinguished.*

2. **Evidence:** DEFINITIONS: TIME: HEARSAY. The evidence of a city marshal testifying as to the date of an arrest from a record he made at the police station by the assistance of the city attorney in pointing the date out on the calendar is not hearsay, and his testimony that the arrest was about a given date means in that neighborhood and is admissible where the issue is not as to whether the offense was committed within a year. *Kirkwood v. Autenreith,* 21 Mo. App. 73, *distinguished.*

3. ———: REBUTTAL: OTHER OFFENSES. It is reversible error in a prosecution by a city in a police court to permit the city in rebuttal to prove other offenses than that with which the defendant is charged.

4. **Police Courts:** INSTRUCTIONS: BURDEN OF PROOF: MISCONDUCT OF ATTORNEY. Instructions in this case fairly submitted the issues to the jury throwing and keeping the burden of proof upon the city throughout the trial. And while the reference of the city attorney to the defendant's race was in exceeding bad taste it was not sufficient to warrant a reversal.

*Appeal from the Boone Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*N. T. Gentry* and *Wm. R. Gentry* for appellant.

(1) Defendant's motion to dismiss should have been sustained, as the police court had no jurisdiction of this cause. Nothing will be presumed to be within

the jurisdiction of courts of inferior, limited or special jurisdiction; and no intendments can be indulged in their favor. Works on Jurisdiction, p. 156; Hawes on Jurisdiction, p. 257; Wells on Jurisdiction, sec. 30; Brown on Jurisdiction, sec. 20; 12 Am. and Eng. Ency. of Law, p. 271; *Squires v. Payne*, 6 Cal. 654; *Swain v. Chase*, 12 Cal. 283; *Lowe v. Alexander*, 15 Cal. 296; *Colt v. Haven*, 30 Conn. 190; *Bowman v. Colton*, 6 Cowen, 233; Freeman on Judgments, sec. 517. (2) The witness Clinkscales was permitted to testify to what the city attorney said was the date of the commission of this offense, and the date of the arrest of defendant. This was hearsay of the grossest type and was not admissible for any purpose. The law required the plaintiff to prove that the offense was committed on September 19, 1896, as that was the day definitely fixed in the charge against the defendant; proof that it was committed about that time was inadmissible. *Kirkwood v. Autenreith*, 21 Mo. App. 73; *State v. Wilson*, 39 Mo. App. 184; *State v. Welsor*, 117 Mo. 570. (3) Evidence of the commission of other and distinct offenses by the defendant was not admissible, especially as the offenses were not committed on the same day as the one for which he was then on trial. *State v. Reavis*, 71 Mo. 419; *State v. Crow*, 107 Mo. 346; *State v. Goetz*, 34 Mo. 85; *State v. Tabor*, 95 Mo. 585; *State v. Reed*, 85 Mo. 194.

*Edwin M. Watson* for respondent.

(1) The complaint filed by the city's attorney in this case is sufficient. *Memphis v. O'Connor*, 53 Mo. 468; *Springfield v. Ford*, 40 Mo. App. 586; *St. Louis v. Smith*, 10 Mo. 438; *St. Louis v. Sternberg*, 69 Mo. 389; *Warrensburg v. McHugh*, 122 Mo. 649. (2) The evidence shows clearly enough that the offense charged

was committed on the nineteenth of September, 1896. It is not, however, necessary to prove specifically the date.

SMITH, P. J.—This is an action brought by the plaintiff city against the defendant before the police judge of said city to recover a penalty for the violation of an ordinance. The complaint is as follows:

"CITY'S COMPLAINT.

"STATE OF MISSOURI, ⎱  Before Clarence O'Mahoney,
 "County of Boone, ⎰  Police Judge of the City of
 "City of Columbia. ⎰  Columbia.
"The City of Columbia, Plaintiff, ⎱
        v.    ⎰
"Louis Johnson (colored), Defendant. ⎰

"The undersigned, city attorney of the city of Columbia, informs the court, and charges the fact to be that on the 19th day of September, 1896, at the city of Columbia, and within the corporate limits thereof, one Louis Johnson (colored) did, in violation of section 24 of an ordinance of said city, passed and approved on the 27th day of July, 1893, and entitled 'An ordinance in relation to offenses against public morals, decency and public safety, in lieu of article 1 of ordinance 19 of Revised Ordinances of 1892, of the city of Columbia,' then and there unlawfully carry concealed upon and about his person a deadly and dangerous weapon, to wit, a revolving pistol, contrary to said ordinance in such case made and provided, and against the peace and dignity of said city of Columbia. Wherefore plaintiff prays the court to declare and assess against the defendant herein, the penalties prescribed by said ordinance for the punishment of such offense, and that it render judgment therefor, together with the costs in this behalf expended, and that said defendant stand committed until judgment is complied with.

"J. S. BANKS, City Attorney.

"J. S. Banks, city attorney, makes oath and says that the facts and allegations contained in the foregoing are true according to his best information and belief.

"J. S. BANKS, City Attorney.

"Subscribed and sworn to before me this 21st day of September, 1896.

"CLARENCE O'MAHONEY, Police Judge."

There was a trial in the circuit court, where the cause was removed by appeal, which resulted in judgment for the city from which defendant appealed. It is strenuously insisted by the defendant that the complaint does not state facts sufficient to constitute a cause of action, etc.

It is in effect conceded that the city of Columbia is a city of the third class. It is disclosed by the evidence that the defendant was arrested *in flagrante delicto* by the marshal of the city. While in custody the city attorney filed the complaint before the police judge.

A section of an ordinance of said city, introduced in evidence, provided "that it shall not be necessary to issue a warrant against any person lawfully arrested by an officer; but in all such cases it shall be the duty of the city attorney to file a complaint against the defendant *setting forth the nature of the offense* charged."

The complaint was based on the provisions of the twenty-fourth section of an ordinance approved July 27, 1893, which is as follows:

"If any person shall, within this city, carry concealed upon or about his person any deadly or dangerous weapon, he shall upon conviction be punished by a fine of not less than fifty dollars nor more than two hundred dollars, or by imprisonment in the Boone county jail or city prison not less than five days nor more than six months, or by both such fine and imprisonment." It very clearly charges the violation

CITIES of the third class: police court: complaints: information: carrying concealed weapons.

of the above ordinance. All the essentials required by the ordinance are therein alleged. *Springfield v. Ford*, 40 Mo. App. 586. The ordinance is within the grant of power conferred by the charter. Laws 1893, pp. 85–100, secs. 93–122. Nor is the penalty prescribed by that ordinance in excess of that for the same offense denounced by the statute. R. S., sec. 3502. It is therefore plain that the provision of the ordinance is not in anywise out of harmony with the statutory provision on the same subject, and that the adoption of such ordinance by the city was an authorized exercise of its jurisdiction. *Kansas City v. Neal*, 49 Mo. App. 73.

The complaint was properly filed before the police judge of the city. Section 1 of ordinance number 25, introduced in evidence by plaintiff, provides for the establishment of the *police court* instead of the *recorder's* court. The charter of the city created the office of police judge and defined his powers. He is given exclusive original jurisdiction to hear and determine all offenses against the ordinances of the city, etc. Secs. 5, 41, 42 of charter. (Sess. Acts 1893, p. 68, 72.) The jurisdiction of the police judge is therefore conferred by the charter and not by an ordinance. It is therefore manifest that the police judge had jurisdiction of the defendant and the offense of which he was charged.

This case is to be distinguished from the case of *Salisbury v. Patterson*, 24 Mo. App. 169, and the other like cases cited by the defendant. There the defendant was arrested without a warrant and the prosecution was on a verbal complaint of the marshal. The recorder did not make the entries on his docket that were required by Revised Statutes, section 1555. Here the defendant was in custody and the city attorney having filed a proper complaint against him, no reason is seen why he could not be lawfully tried on the complaint without the issue of a warrant. He was fully apprised

by the complaint of the nature of the charge on which he was to be tried, and that was all that was required. *Springfield v. Ford, supra.*

It follows from the foregoing observations that the court did not err in its action in overruling the defendant's objections to the introduction by the city of any evidence to sustain its complaint.

The witness Clinkscales, city marshal, testified that he had no independent recollection of the day he arrested defendant, but that he only remembered the date by referring to a little book kept at the station which showed that the arrest was made on September 19, 1896, or about that date. He further testified that he remembered that the city attorney pointed to the calendar for the date of the arrest. The defendant objected to this testimony of the witness as being hearsay. As we understand it, when the witness was about to make his entry in the book referred to he was uncertain as to the date, and thereupon the city attorney pointed to a day on the calendar and suggested that that was the proper date, which was adopted, and so the witness testified that the arrest was made on or about that date. The term "about that date," as used by the witness, must be understood to mean near or in the neighborhood of the date of the arrest stated in the book referred to by him. Kinney's Law Glos. and Dic. 6. It is not intended that the date of the arrest as stated by the witness was incorrect or that the offense was not committed within a year next before the filing of the complaint. Whatever may be the character of the testimony to which defendant objected it is not perceived that it was harmful to him.

This case is in no respect analogous in its facts to that of *Kirkwood v. Autenreith*, 21 Mo. App. 73, cited by defendant, where there were several actions for simi-

EVIDENCE: definitions: time: hearsay.

lar offenses and the only distinguishing feature of any one offense from the others was the particular day on which it was committed. No such difficulty is presented here.

The defendant further objects that the city was allowed to prove in rebuttal other offenses than that for which he was prosecuted. This was error. Such proof should not have been admitted. It was clearly inadmissible for any purpose. *State v. Crow*, 107 Mo. 346; *State v. Ringo*, 71 Mo. 419; *State v. Goetz*, 34 Mo. 85.

——: rebuttal: other offenses.

An examination of the numerous instructions given by the court has satisfied us that the case was very fully and fairly submitted to the jury. No harmful error is perceived in any of those given for the city. The burden of the proof was on the city and so remained throughout the trial. It had the right to make the opening and concluding argument before the jury. *Porter v. Jones*, 52 Mo. 399; *Mfg. Co. v. Mfg. Co.*, 42 Mo. App. 307.

POLICE courts: instructions: burden of proof: misconduct of attorney.

The reference made by the city attorney in his argument before the jury to the race to which defendant belonged was in exceedingly bad taste and should not have been indulged in; but this is not of itself deemed of sufficient consequence to justify a reversal of the judgment.

The judgment on account of the error of the court in admitting improper testimony must be reversed and remanded. All concur.