## THE STATE OF MISSOURI, Respondent, v. J. M. BROWN, Appellant.

### Kansas City Court of Appeals, April 7, 1902.

**Criminal Law:** SELLING LIQUOR: PRINCIPAL AND AGENT: OATH AND BOND. An employee selling liquor for his principal when indicted therefor must show that either he or his principal have taken an oath and given bond required in section 3890, Revised Statutes 1889.

Appeal from Harrison Circuit Court.—*Hon. P. C. Stepp,* Judge.

**AFFIRMED.**

*J. C. Wilson* for appellant.

*W. D. Walton* for respondent.

No briefs filed in this case.

SMITH, P. J.—The defendant was indicted, prosecuted and convicted for a violation of section 3890, Revised Statutes 1889.

It appears from the evidence introduced at the trial that one Wilson Lierly was the owner and proprietor of a small store in which were kept for sale groceries, hardware and whiskey, and that the defendant was employed by said Lierly as clerk therein and had the sole charge of the business carried on at said store. It further appears that the defendant made the sale of alcoholic liquors mentioned in the in-

dictment, and that neither he nor his employee, Lierly, had taken the oath or given the bond required by said section 3890, Revised Statutes 1889. The defendant endeavored to escape liability by showing that in making the sale he acted as the clerk or agent of the said Lierly, but made no effort to show that the said Lierly had complied with the requirements of the statute just referred to. It was shown that neither he nor his said employer had complied with the requirements of said statute.

It is well settled in this State that where one makes a sale in the capacity of agent or employee of another, he must show that his principal had complied with the law, for otherwise he is liable whether or not he is the agent or employee of the other. State v. O'Connor, 65 Mo. App. 324; State v. Keith, 46 Mo. App. 525; Hays v. State, 13 Mo. 246.

No prejudicial error is perceived in the action of the court in the giving or refusing instructions.

The defendant was rightly convicted, and the judgment will therefore be affirmed. All concur.