State *v.* Lopez.

---

THE STATE, Respondent, *vs.* LOPEZ, Appellant.

1. An indictment which does not conclude "against the peace and dignity of the state" is bad.

2. A circuit attorney can make no agreement which will discharge a criminal from responsibility for an offence.

3. A circuit attorney, in open court, agreed with a defendant, against whom several indictments were pending, that, if he would plead guilty as to some, he should be discharged from the others. The defendant accordingly pleaded guilty to four of the indictments, and a *nol. pros.*, in the ordinary form, was entered on the record as to the remainder. *Held,* the entry of a *nol. pros.* could not be held to have the legal effect of a *retraxit,* by reason of the agreement.

*Appeal from St. Louis Criminal Court.*

Indictment for embezzlement. The indictment concluded " against the peace of the *statute* and of the statute in such case made and provided." The defendant filed a plea of " not guilty," and two special pleas in bar. The first special plea in bar is sufficiently stated in the opinion of the court. A demurrer to this plea was sustained. The second plea was in the form of a plea of former conviction or acquittal, and stated that the defendant had formerly pleaded guilty to an indictment for the same offence charged in this indictment, and. had received judgment and pardon. Upon this plea, issue was taken, and it was found against the defendant. He was found guilty and sentenced, and after an unsuccessful motion for a new trial, appealed to this court.

*Lackland & Jamison, Cline & Thompson,* for appellant.
*H. A. Clover,* for the State.

GAMBLE, Judge, delivered the opinion of the court.

1. The indictment in this case does not conclude " against the peace and dignity of the state," as is required in the constitution. It concludes thus : " against the peace of the statute and the statute in such case made and provided." The judgment for this cause must be reversed.

2. We have been asked to express an opinion on the plea in bar of the defendant, in which he sets up an agreement made by him with the circuit attorney, at a term of the Criminal Court, when there were ten indictments pending against him for embezzlement, by which agreement it was stipulated that the defendant should plead guilty upon four of the indictments, and that the state should enter a *nolle prosequi* on the other six, and discharge him from all liability to answer them. Under this agreement, he pleaded guilty on the four, was sentenced. and pardoned, and a *nolle prosequi* was entered on each of the other six. The plea alleges that the offence charged in the

present indictment is the same with that charged in the four on which he pleaded guilty, was sentenced and pardoned, and alleges his identity. The State demurred to the plea, and the demurrer was sustained.

We recognize no authority in the circuit attorney to make an agreement by which any criminal shall be discharged from the claims of justice. The chief executive of the state alone can exercise the power of pardon. If a record was made in the Criminal Court, which would have the legal effect of discharging the defendant from responsibility for the six offences for which the indictments were found, upon which a *nol. pros.* was entered, such record would have its effect here; as if there had been a plea of guilty, and the smallest punishment allowed by law had been imposed; but if no entry of record has the effect of discharging the defendant, he cannot plead the agreement between himself and the circuit attorney as a discharge. If such agreement can be recognized any where, it must be by the executive, on an application for pardon, and with the executive it might very properly, in many cases, have very great weight.

3. It has been said that the *nolle prosequi* entered in the cases should be regarded as a *retraxit*. But we do not feel authorized to say that the entry on the record can have any greater legal effect in discharging the defendant from future prosecution, because of the supposed agreement, than it would have without such agreement. In other words, the operation of the entry made on the record can only be determined by its own terms. In the present case, the plea states nothing more than a *nolle prosequi* in the ordinary form.

The judgment, because of the defect of the indictment, is reversed, with the concurrence of the other judges.