THE STATE, Respondent, v. PEMBERTON, Appellant.

1. An indictment is rendered bad by reason of the omission of the words: "against the peace and dignity of the state."

2. The concluding clause of the twenty-seventh section of the fourth article of the act regulating proceedings in criminal cases, (R. C. 1855, p. 1176, § 27,) providing that no indictment shall be deemed invalid, nor the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected, "for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits," should, at least, be limited in its application to imperfections of the class previously enumerated in said section.

3. An indictment for murder, after charging an assault by the accused upon one H. D. and the felonious infliction of a mortal wound upon the latter by stabbing with a knife, whereof the said H. D. died, concluded as follows : "And so the jurors aforesaid, upon their oaths aforesaid, do say that the said C. H. P., in manner and form and by the means aforesaid, feloniously, wilfully, maliciously, deliberately, premeditatedly, on purpose, and of his malice aforethought, did kill and murder; contrary to the form of the statute, and against the peace and dignity of the state. *Held*, that the indictment was bad, inasmuch as it did not designate the person murdered.

*Appeal from Benton Circuit Court.*

This was an indictment against Charles H. Pemberton for murder. The first count did not conclude " against the form of the statute, and the peace and dignity of the state." The

second count of the indictment, after charging a felonious, premeditated and malicious assault by Charles H. Pemberton upon one Hezekiah Depew, and a felonious, premeditated and malicious wounding of the latter, mortally, by stabbing with a knife, whereof said Depew died, proceeded as follows: "And so the jurors aforesaid, upon their oaths aforesaid, do say that the said Charles H. Pemberton, in manner and form and by the means aforesaid, feloniously, wilfully, maliciously, deliberately, premeditatedly, on purpose, and of his malice aforethought, did kill and murder; contrary to the form of the statute, and against the peace and dignity of the state."

Upon this indictment the defendant was found guilty of murder in the first degree. It is deemed unnecessary to set forth the evidence, or the instructions given or refused.

*Johnson & Ballou,* for appellant.

I. The indictment is wholly insufficient. The first count does not conclude " against the peace and dignity of the state." (State v. Lopez, 19 Mo. 254; Const. of Mo. art. 5, § 19.) The second count is bad. It does not allege whom the defendant killed and murdered in the conclusion. (Dias v. State, 7 Black. 20.) Defendant could not be lawfully convicted on it of murder. (Whart. C. L. 490; 3 Chitty, C. L. 750, 759, 766; Whar. on Hom. 276; 1 Arch. C. P. 92; State v. Lester, 9 Mo. 666.) The court erred in giving and refusing instructions. The verdict is unwarranted by the testimony.

*Knott,* (attorney general,) for the State.

I. The second count is sufficient to sustain the judgment of conviction. It may be true that it would not have been a good indictment at common law. (Dias v. State, 7 Blackf. 20.) The defect—omission of the name of the deceased— did not tend to the prejudice of the substantial rights of the defendant upon the merits. It should not authorize an arrest of judgment. (R. C. 1855, p. 1177, § 27.) The court did not err in giving or refusing instructions. (18 Mo. 419,

435; State v. Neuslien, 25 Mo. 111; 20 Mo. 58; 8 Humph. 671; 1 Ired. 354; 3 Ired. 424; 1 Ashm. 289; 9 Mo. 271; 16 Mo. 391; 19 Mo. 241; 2 Rob. 790; 2 Grat. 594; 3 id. 595; 6 id. 728; 12 Gratt. 729; 3 Humph. 304; 5 Yerg. 151; 4 Pike, 88; 2 English, 174.)

NAPTON, Judge, delivered the opinion of the court.

The first count in this indictment is bad, under the decision of this court, by reason of the omission of the words "against the peace and dignity of the state." (State v. Lopez, 19 Mo. 254.)

The second count is conceded by the attorney general to be bad at the common law, in consequence of the omission of the technical word "murder," or rather the omission of the name of the deceased, in the allegation that "so the jurors aforesaid do say that the said Charles H. Pemberton, in manner and form aforesaid, feloniously, wilfully, maliciously, deliberately, premeditatedly, on purpose, and of his malice aforesaid, did kill and murder." This is equivalent to an entire omission of the allegation; and the authorities are uniform that such an indictment is bad. (Dean v. The State, 7 Black. 20, and cases there cited.)

It is contended, however, that our statute, which provides that a judgment in a criminal case shall not be arrested or affected for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant, upon the merits, has changed the law in this respect. (2 R. C. 1855, p. 1177.)

The section of the statute in which this provision occurs commences by enumerating a great number of trivial defects, such as the omission of defendant's title, the words "with force and arms," the time when the offence was committed, a proper venue, &c., and then concludes with the general clause above referred to, which cures all other defects or imperfections not tending to the defendant's prejudice.

Whether the general clause is to be interpreted as extending the operation of the specific provisions which precede it,

is not necessary to be decided here. We think, upon every safe rule of construction, that it should at all events be limited to imperfections of the class or character previously enumerated. To give it a more extensive meaning would be to render all the specifications in the same section useless.

It is obvious that the charge of murder by the technical term or word of art does not belong to the class of technicalities to which belong all the enumerated formal allegations whose omission is cured. The omission of the word "feloniously" in an indictment for felony has always been held fatal by this court, as well since as before the passage of this act; but the word "feloniously" is a mere term of art, as much so as the word "murder," and its omission has no more tendency to prejudice the accused than the omission of the word "murder."

If the design of our legislature had been to' change the entire system of criminal pleading, they undoubtedly would have supplied a substitute for the one abolished. They have done so in civil proceedings, but in criminal proceedings changes, when made, have been specific. The ancient forms of proceeding have been retained, with specific modifications; and it is only from the clause we are now called upon to construe that any inference can be drawn of a design on the part of the legislature to abolish the entire system of criminal pleading. To give so liberal and latitudinous a construction to this clause, would undoubtedly destroy many if not all of the forms which have been hitherto observed. It would be, in truth, to put civil and criminal proceedings on the same footing, and allow the prosecution to make, as in civil proceedings, "a plain and concise statement of the fact" constituting the offence, without regard to mere technical phrases and forms.

This court does not feel warranted in giving such a construction to an isolated clause of a statute, the general tenor of which is sufficient to show that no such sweeping and radical charges were designed.

In accordance, then, with all the precedents, we think this

indictment bad, and there must, therefore, be a new trial granted.

The instructions given by the court have been examined, and are believed to be substantially correct.

As there must be a new trial, we refrain from any comment on the evidence.

Judgment reversed and cause remanded; Judge Ewing concurs. Judge Scott absent.