### THE STATE v. FRANK SIMS.

INDICTMENT.—It is a fatal defect in an indictment to omit the words "against the peace and dignity of the State" in the conclusion, and this whether specially excepted to in the court below or not.

APPEAL from Caldwell.   Tried below before the Hon. John P. White.

*George Clark, Attorney General,* for the State.

The indictment in this cause sufficiently charges an offense against the law, (Fain *v.* The State, Tyler Term, October 22, 1874; State *v.* McCracken, 42 Tex., 383; (but it does not conclude " against the peace and dignity of the State." (Cons., art. V, sec. 15; Paschal's Dig., art. 2863.)

This is matter of form only, (Paschal's Dig., art. 2864,) which defendant might have availed himself of on exception, but not for the first time in this court. (See art. 2977, as to amendments; Matthews *v.* State, Tyler Term, 1874.

ROBERTS, CHIEF JUSTICE.—The indictment omitted the conclusion required by the constitution, to wit, "against the peace and dignity of the State." It was excepted to, and was set aside by the court, but not on that ground. That is not one of the exceptions to matters of substance specified in the Code of Criminal Procedure. In the case of The State *v.* Durst it is said, "the courts have no authority to dispense with that which the constitution

requires" in sustaining an exception of this kind made to an indictment. (7 Tex., 74.) It has been held to be a fatal defect, whether specially excepted to or not. (The State *v.* Lopez, 19 Mo., 254; The State *v.* Pemberton, 30 Mo., 376.)

It is an objection to the indictment so obvious that if we were in doubt about sustaining it under our code it would be useless to send it back to be made in the court below.

AFFIRMED.