[No. 2533.]

## G. M. Saine v. The State.

Indictment—Commencement—Constitutional Law. — It is an express mandate of the Constitution of this State that "all prosecutions shall be carried on in the name and by the authority of 'The State of Texas,'" etc. Conformity to this mandate is indispensable to the validity of every indictment; wherefore an information commencing "By and with the authority of the State," and omitting the words "of Texas," is fatally defective.

Appeal from the County Court of Palo Pinto. Tried below before the Hon. J. H. Conatser, County Judge.

Appellant was charged by information with knowingly cutting timber trees not his own, without the consent of the owner. He was convicted, and a fine of ten dollars was assessed as his punishment. On account of the defect in the commencement of the information, his counsel excepted to that instrument in the court below, and also moved in arrest of judgment. The court overruled the exception and the motion in arrest, and the defense reserved exceptions to the rulings.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE.    There is but one question in this case, and that is as to the sufficiency of the information.    Its commencement is as follows:  " In the name and by the authority of the State," omitting the words " of Texas."    Section 12, Article V, of the Constitution requires that "All prosecutions shall be carried on in the name and by the authority of 'The State of Texas.' "    In prescribing the requisites of an information, Article 430 of the Code of Criminal Procedure requires that " It shall commence ' In the name and by the authority of the State of Texas.' "

We have been únable to find any case in which this precise question has been adjudicated in this State.    There are several decisions holding that the conclusion of an indictment in the words required by the Constitution and the law, viz.,  "Against the peace and dignity of the State," cannot be dispensed with, and that any different conclusion renders the indictment defective in matter of substance, and cannot be amended.    (*The State* v. *Durst,* 7 Texas, 74; *The State* v. *Sims,* 43 Texas, 521; *Holden* v. *The State,* 1 Texas Ct. App., 255; *Cox* v. *The State,* 8 Texas Ct. App., 254.)    We can perceive no reason why these decisions should not apply also to the commencement of an indictment or information, and believing that they do, we hold the information in this case to be fatally defective; wherefore the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered May 5, 1883.