State of Missouri, Respondent, *v.* Frank McNeary, Appellant.

November 20, 1883.

Criminal Law — Dram-shops — Evidence. — In prosecutions for the sale of liquors in quantities less than a gallon without a license therefor, the burden is on the defendant to show a license, and this applies as well to a bar-keeper as to a proprietor.

Appeal from the St. Louis Court of Criminal Correction, Napton, Provisional J.

*Affirmed.*

L. D. Seward and C. C. Simmons, for the appellant.

E. C. Eliot, for the respondent.

Bakewell, J., delivered the opinion of the court.

This was an information for violation of the statute prohibiting the sale of intoxicating liquors in quantities less

than a gallon. The offence is charged as being committed at a saloon in the city of St. Louis. The defendant was convicted.

Defendant moved to quash the indictment, on the ground that, by a certain municipal ordinance, the municipal assembly, mayor, and comptroller of St. Louis have renounced and refused to exercise the power of issuing dram-shop licenses; and because there is in the city of St. Louis no officer or court authorized to grant a license to keep a dram-shop. The motion was overruled.

The state introduced a witness who testified that, on the day and place named in the information, he purchased of defendant a glass of whiskey, less than a gallon, in a room fitted up as a bar-room; and paid for it and drank it on the premises. On cross-examination, the witness stated that defendant was a bar-keeper, and that the witness did not know who was proprietor of the saloon.

The city collector, against defendant's objection, testified that no one had, at the time named in the information, a license to keep a dram-shop at the place in question.

The court instructed the jury that if they believe that defendant sold, etc., they should find him guilty, etc., " provided neither defendant nor any person for whom he acted in the capacity of agent or clerk, had a license to sell whiskey at such place, then continuing in force." The court further instructed that: " It is the duty of defendant to show his license, or the license of his employer, if acting under one, if he has one; and, if he does not do so, the law presumes that he has none, and any sale of fermented or distilled liquors by him, in quantities less than one gallon is illegal."

We see no error in the instructions. The general rule is laid down by Greenleaf (Greenl. Ev., sect. 79), that, in civil and criminal prosecutions, for a penalty for doing an act which the statutes do not permit to be done except by persons duly licensed therefor as for selling liquors and the

like, the negative averment is taken as true, unless disproved
by the party accused. This is undoubtedly the rule in
many of the American states, though it is not accepted in
all of them. It is, however, the rule in Missouri. *The
State* v. *Lipscomb*, 52 Mo. 32; *The State* v. *Taylor*, 73
Mo. 52.

Counsel for appellant admit that this is the rule when
the question is as to the proprietor of a dram-shop, but say
that it ought not to be the rule when the person charged with
the offence is a servant of the proprietor. We see no sufficient
reason for any such distinction. The legislature regards
the selling of liquor at retail as a business having a tendency
to deprave public morals, and which it is expedient to
restrict. It is not prohibited by law, but it is made by law
a privilege, to be exercised only by those having the quali-
fications, and having pursued the steps required by the
state law, as is remarked by Judge Napton in *Austin* v.
*The State* (10 Mo. 593). Since, then, by law, only one
man, here or there, is licensed to sell, the presumption
would be that the sale by this or that individual is unauthor-
ized, until the contrary be shown. *Bliss* v. *Brainard*, 41
N. H. 262. It is for the person who sells drams as the
servant of another, to satisfy himself that his master is
licensed to sell drams. In dram selling he commits, *prima
facie*, an illegal act in Missouri; and, if his act is legal,
because of a license, it is for him to show the license. It
was, therefore, unnecessary for the state to show that no
one had a license to sell drams at the place named in the
information.

As to the claim on the part of the appellant that there is
not, and was not at the time of the offence committed, any
one authorized to issue a license for dram selling in St.
Louis, we need say no more about it than that it is per-
fectly immaterial in this case. That no one could legally
give defendant a license to sell liquor in St. Louis would,
if shown affirmatively, prove, what we hold might be pre-

sumed in the absence of proof to the contrary, that he had no license, and that he was not selling as servant of any one having a license. As no person is permitted to sell intoxicating liquor, in any quantity less than a gallon, without a license, and as the proof is undisputed that defendant did sell less than a gallon of whiskey, the offence, in that case, is made out.

We see no reason why the conviction should be disturbed. It is, therefore, affirmed. All the judges concur.