STATE OF MISSOURI, Respondent, v. N. T. CLEVENGER, Appellant.

| 25 | 655 |
| 96 | 691 |

St. Louis Court of Appeals, May 3, 1887.

1. CRIMINAL LAW—APPELLATE PRACTICE—RECORD RECITALS.—An appellate court can not assume that a record statement that the first count of an indictment, containing two counts, was dismissed, is a clerical error, merely because the evidence and instructions all apply to the first count instead of to the second count.

2. ———— INDICTMENT.—Each count of an indictment containing several counts must conclude with the words, "against the peace and dignity of the state."

Appeal from the Lawrence County Circuit Court, A. L. Thomas, Judge.

*Reversed and remanded.*

John T. Teel, for the appellant: The first count in the indictment, and the one upon which the defendant was tried, is bad, because it does not conclude, "against the peace and dignity of the state." *The State v. Lopez,* 19 Mo. 254; *The State v. Pemberton,* 30 Mo. 376; Const. Mo. art. 6, sect. 38.

W. B. Skinner, for the respondent.

Rombauer, J., delivered the opinion of the court.

The defendant was indicted at the February term, 1885, of the Lawrence circuit court. The indictment contained two counts. The first charged the defendant with selling intoxicating liquor, as a druggist, without a prescription from a regularly registered and practicing physician, and the second with selling intoxicating liquor, without license, in less quantity than one gallon, without license as a dramshop keeper. The second count in the indictment concluded, "against the peace and dignity of the state;" but the first count failed so to conclude.

At the August term, 1885, as the record shows, the state dismissed the first count in the indictment, and thereafter, at the February term, 1886, the defendant was arraigned and tried on the remaining count of the indictment, found guilty, and sentenced to pay a fine of one hundred dollars.

There was some evidence adduced tending to support the charges of the second count, which, according to the recitals of the record, was the only remaining count of the indictment, in this, that a sale of whiskey by the defendant in less quantity than one gallon was proved. The burden of proving that he had a dramshop license

was upon the defendant. *The State v. Lipscomb*, 52 Mo. 32; *The State v. Edwards*, 60 Mo. 490; *The State v. McNeary*, 14 Mo. App. 410. But no instructions were given to the jury applicatory to such evidence. The instructions of the court seem to assume that what was, in fact, tried, was the charge made in the first count, which, according to the recitals of the record, had been dismissed at a previous term. While this recital is probably a clerical error, we are bound by the record, and can not go outside of it, and must reverse the judgment for error in the instructions.

We may add, however, that the result would necessarily be the same if the record had recited that the defendant was tried on the first count. That count does not conclude, as indictments in this state must conclude, "against the peace and dignity of the state." Const. Mo., art. 6, sect. 38; *The State v. Lopez*, 19 Mo. 254; *The State v. Pemberton*, 30 Mo. 376. This being a requirement of the constitution, its omission renders the indictment fatally defective, notwithstanding the statute of jeofails. In fact, the case of *The State v. Pemberton* (30 Mo 376), which is directly in point, was decided when the statute in that respect was the same as it is to-day.

The judgment is reversed and the cause remanded. Thompson, J., concurs; Lewis, P. J., is absent.